ROBERT E. MOORE, TRUSTEE, APPELLEE, V. WEALTHY
P. GREGORY AND OTHERS, APPELLANTS.

Attorney's Fee: EVIDENCE: WANT OF TO SUPPORT FINDING.
In the foreclosure of two mortgages, the court below having
found, as against all of the defendants, that the plaintiff was en-
titled to recover an attorney's fee, on a review of the evidence,
*Held*, That as to two of the defendants the finding was unsup-
ported, and the judgment erroneous.

APPEAL from Lancaster county. Tried below before
POUND, J.

*John S. Gregory,* for appellants.

*Marquett, Deweese & Hall,* for appellee.

LAKE, CH. J.

Of the several matters in this record complained of, the
only tenable one is the finding of the court that, "in the
body of the second and third mortgages" the "defendants
agreed to pay to the plaintiff a reasonable attorney's fee for
the foreclosure of the same." Referring to these mort-
gages we find that, as to the *second,* this finding was un-
true, from which it follows that, as to defendants E. Mary
and John S. Gregory, the judgment for the payment of the
seventy dollars attorney's fee is erroneous.

Taking the mortgages in the order of their execution
and delivery they were as follows: The *first,* January 4th,
1877, executed by E. Mary and John S. Gregory alone, to
secure the sum of six hundred dollars, the agreed consider-
ation for an assignment to said E. Mary Gregory of cer-
tain interests in three several judgments then held by the
mortgagee as agent. In this mortgage an attorney's fee
was provided for in case of foreclosure.

The *second* mortgage was given January 5th, 1877, as

additional security to the preceding, and was executed by John S. Gregory, senior, Wealthy P. Gregory, E. Mary Gregory, and John S. Gregory, jointly. In this no provision for an attorney's fee is found.

The third mortgage was given by John S. Gregory, senior, and Wealthy P. Gregory alone, on the twenty-ninth day of April, 1878, for the purpose of securing the payment of the said judgments, so as aforesaid partially assigned, and to secure the release of the one given by E. Mary and John S. Gregory alone. In this last mortgage provision is made for the payment of an attorney's fee.

From this statement of the order and purpose of the several mortgages, it will be seen at a glance that the only agreement made by E. Mary and John S. Gregory to answer for an attorney's fee, was in the *first* instrument, the release of which, by the execution of the *third*, left them, and also their property embraced in ,the *second* mortgage, wholly relieved from all liability in that respect. The claim of E. Mary and John S. Gregory, that under the arrangement for giving the last mortgage the second one was to have been released also, cannot be allowed. The evidence does not sustain them in it. No witness save John S. Gregory so testifies, and he is completely overborne in this by the testimony of the witnesses Cobb, McMurtry, and Moore, sustained as they are by the recital in the last mortgage that the release was "of a certain mortgage executed by John S Gregory, jr., and E. Mary Gregory to said R. E. Moore," which appears to have been done, and the release recorded. Save in the matter of attorney's fee the court below seems to have taken a correct view of the evidence, and rendered the proper judgment.

The judgment is reversed, and one will be entered here conforming to this opinion.

REVERSED AND JUDGMENT.